UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EUGENIO LUIS NOGUERAS,

Petitioner,

v.

MARTIN D. BITER, Warden,

Respondent.

1:11-cv-01006-JLT HC

ORDER GRANTING RESPONDENT'S MOTION TO DISMISS THE PETITION (Doc. 12)

DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1)

ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY

ORDER DIRECTING CLERK OF THE COURT TO ENTER JUDGMENT AND CLOSE THE FILE

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on June 3, 2011, challenging Petitioner's November 20, 2008 conviction in the Tulare County Superior Court of one count of possession for sale of a controlled substance (Cal. Health & Safety Code § 11351), one count of possession of a controlled substance (Cal. Health & Safety Code § 11378), one count of maintaining a place for trafficking in a controlled substance (Cal. Health & Safety Code § 11366), and one count of possession of a narcotic controlled substance (Cal. Health & Safety Code §

11350(a)). (Doc. 13, Lodged Documents ("LD") 1).[1] On June 30, 2011, the Court ordered Respondent to file a response to the petition. (Doc. 4). On September 29, 2011, Respondent filed the instant motion to dismiss, contending that the petition is untimely under federal law and must therefore be dismissed. (Doc. 12). On November 16, 2011, Petitioner filed his opposition to the motion to dismiss (Doc. 18), and on January 27, 2012, Respondent filed her reply. (Doc. 24).

On July 6, 2011, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 7). On August 2, 2011, Respondent filed her written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 9).

## DISCUSSION

A. Procedural Grounds for Motion to Dismiss

As mentioned, Respondent has filed a Motion to Dismiss the petition as being filed outside the one year limitations period prescribed by Title 28 U.S.C. § 2244(d)(1). Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), *amended* May 23, 2001, *vacated and remanded on other grounds sub nom*. Carey v. Saffold, 536 U.S. 214, 226 (2002); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th cir. 2003); Smith v. Ratelle, 323 F.3d 813, 816 n. 2 (9th Cir. 2003). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation. Petitioner signed the instant petition on June 3, 2011. (Doc. 1, p. 11).

state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's Motion to Dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one year limitation period. Because Respondent's Motion to Dismiss is similar in procedural standing to a Motion to Dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal Answer, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

B. Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on June 3, 2011, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall

not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, the Petitioner was convicted on November 20, 2008, and sentence was pronounced on December 23, 2008. (LD 1). California state law governs the period within which prisoners have to file an appeal and, in turn, that law governs the date of finality of convictions. See, e.g., Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1060 (C.D. Cal. 2001)(California conviction becomes final 60 days after the superior court proceedings have concluded, citing prior Rule of Court, Rule 31(d)). Pursuant to California Rules of Court, Rule 8.308(a), a criminal defendant convicted of a felony must file his notice of appeal within sixty days of the rendition of judgment. See People v. Mendez, 19 Cal.4th 1084, 1086, 969 P.2d 146, 147 (1999)(citing prior Rule of Court, Rule 31(d)). Petitioner did not file a timely notice of appeal within the prescribed sixty day period.[2] Because Petitioner did not file a timely notice of appeal, his direct review concluded on February 21, 2009, when the sixty-day period for filing a notice of appeal expired. The one-year period under the AEDPA commenced the following day, on February 22, 2009, and Petitioner had one year from that date, or until February 21, 2010, within which to file his federal petition for writ of habeas corpus. See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir.2001).

As mentioned, the instant petition was filed on June 3, 2011, almost sixteen months after the date the one-year period expired. Thus, unless Petitioner is entitled to either statutory or equitable tolling, the instant petition is untimely and should be dismissed.

C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531

---

[2] Petitioner attempted to file a notice of appeal to the Tulare County Superior Court on February 25, 2009; however, the Superior Court rejected Petitioner's notice of appeal as being untimely. (LD 2, 3).

U.S. 4, 8, 121 S. Ct. 361 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis, 546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed. For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time. Nino, 183 F.3d at 1006-1007; Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006). Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition. Id. at 1007. In addition, the limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002). Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the re-initiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001). Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims. See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Here, the evidence now in the record establishes that Petitioner filed the following state actions related to his conviction: (1) motion to recall sentence filed in the Tulare County Superior Court on March 5, 2009, and denied on April 10, 2009 (LD 4; 5); (2) habeas petition filed in the California Court of Appeal, Fifth Appellate District ("5th DCA") on April 14, 2009 and denied on May 1, 2009 (LD 6; 7); (3) motion for modification of sentence filed in the Tulare County Superior

Court on August 14, 2009, and denied on August 21, 2009 (LD 8; 9); (4) habeas petition filed in the 5th DCA on May 10, 2010, and denied on June 10, 2010 (LD 10; 11); (5) habeas petition filed in the Tulare County Superior Court on September 7, 2010, and denied on September 16, 2010 (LD 12; 13); (6) habeas petition filed in the 5th DCA on January 28, 2011, and denied on February 17, 2011 (LD 15; 15); and (7) habeas petition filed in the California Supreme Court on March 24, 2011, and denied on April 27, 2011 (LD 16; 17).

Respondent does not challenge Petitioner's right to statutory tolling for the pendency of the first two state actions and for the interval between those proceedings. (Doc. 12, p. 5). As mentioned, the one-year period commenced on February 22, 2009, and Petitioner filed his first state action on March 5, 2009; thus, twelve of the 365 days elapsed before the one-year period was tolled by the filing of the first action.

Respondent does challenge, however, Petitioner's right to interval tolling between the second and third actions due to the excessive delay between the two proceedings and because Petitioner was not proceeding to a higher state court. (Doc. 12, p. 6). Under the AEDPA, there is no statutory tolling for the period between sets or "rounds" of state habeas petitions. Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003)(no tolling once California Supreme Court denied review); see also Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002)(no tolling during gap between first set of state petitions and second). In Delhomme v. Ramirez, 340 F.3d 817, 820 (9th Cir. 2003), the Ninth Circuit held that a petitioner begins a separate round of review "each time [he] files a new habeas petition *at the same or a lower level*" of the state court system. See also Nino, 183 F.3d at 1006-1007 (intervals tolled between state court's disposition of a state habeas petition and the filing of "a petition at the next state appellate level.")(emphasis supplied).

The second action was commenced in the 5th DCA, while the third was commenced in the Superior Court. Because Petitioner was not proceeding "up the ladder," the third action constitutes a new "round" of petitions, and therefore Petitioner is not entitled to statutory tolling for the interval between the second and third actions.

Additionally, as Respondent notes, the delay between the denial of the second action and the commencement of the third action was excessive. In reviewing habeas petitions originating from

California, the Ninth Circuit formerly employed a rule that where the California courts did not explicitly dismiss for lack of timeliness, the petition was presumed timely and was deemed "pending." In Evans v. Chavis, 549 U.S.189 (2006), the Supreme Court rejected this approach, requiring instead that the lower federal courts determine whether a state habeas petition was filed within a reasonable period of time. 549 U.S. at 198 ("That is to say, without using a merits determination as an 'absolute bellwether' (as to timeliness), the federal court must decide whether the filing of the request for state court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time.'"). However, "'[w]hen a post-conviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2).'" Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005)(*quoting* Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005)). See also Carey v. Saffold, 536 U.S. at 226.

Therefore, under the analysis mandated by the Supreme Court's decisions in Pace and Evans, this Court must first determine whether the state court denied Petitioner's third state application as untimely. If so, that is the end of the matter for purposes of statutory tolling because the petition was then never properly filed and Petitioner would not be entitled to any period of tolling under § 2242(d)(2), either for the pendency of the petition itself or for the interval between that petition and the denial of the previous petition. Bonner, 425 F.3d at 1148-1149. Here, the Superior Court did not deny the third application as untimely.

If, as here, the state court did not expressly deny the third application as untimely, this Court is charged with the duty of independently determining whether Petitioner's request for state court collateral review was filed within what California would consider a "reasonable time." Evans, 546 U.S. at 198. If so, then the state petition was properly filed and Petitioner is entitled to interval tolling.[3]

In Evans, the Supreme Court found that a six-month delay was unreasonable. Id. The Supreme Court, recognizing that California did not have strict time deadlines for the filing of a habeas petition at the next appellate level, nevertheless indicated that most states provide for a

---

[3]Neither the Ninth Circuit nor the United States Supreme Court has addressed whether a delay in filing may deprive a petitioner of statutory tolling for the pendency of an otherwise properly filed state petition itself when the state court does not expressly indicate that the petition was untimely. Presently, Evans only affects entitlement to interval tolling.

shorter period of 30 to 60 days within which to timely file a petition at the next appellate level. Evans, 546 U.S. at 201. After Evans, however, it was left to the federal district courts in California to carry out the Supreme Court's mandate of determining, in appropriate cases, whether the petitioners' delays in filing state petitions were reasonable. Understandably, given the uncertain scope of California's "reasonable time" standard, the cases have not been entirely consistent. However, among the Ninth Circuit as well as the various federal district courts in California, a consensus has emerged that any delay of sixty days or less is per se reasonable, but that any delay "substantially" longer than sixty days is not reasonable. Compare Velasquez v. Kirkland, 2011 WL 1758718, *3 (May 10, 2011 9th Cir.)(delays of 81 and 91 days unreasonable); Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010)(delays of 115 and 101 days unreasonable); Banjo v. Ayers, 614 F.3d 964, 970 (9th Cir. 2010)(delay of 146 days unreasonable); Bennett v. Felker, 635 F. Supp. 2d 1122, 1126-1127 (C.D. Cal. 2009)(93 days unreasonable); Culver v. Director of Corrections, 450 F.Supp.2d 1135, 1140-1141 (C.D. Cal. 2006)(delays of 97 and 71 days unreasonable); Forrister v. Woodford, 2007 WL 809991, *2-3 (E.D. Cal. 2007)(88 day delay unreasonable); Hunt v. Felker, 2008 WL 364995 (E.D. Cal. 2008)(70 day delay unreasonable); Swain v. Small, 2009 WL 111573 (C.D.Cal. Jan. 12, 2009)(89 day delay unreasonable); Livermore v. Watson, 556 F.Supp. 2d 1112, 1117 (E.D.Cal. 2008)(78 day delay unreasonable; Bridges v. Runnels, 2007 WL 2695177 *2 (E.D.Cal. Sept. 11, 2007)(76 day delay unreasonable), with Reddick v. Felker, 2008 WL 4754812 *3 (E.D.Cal. Oct. 29, 2008)(64 day delay not "substantially" greater than sixty days); Payne v. Davis, 2008 WL 941969 *4 (N.D.Cal. Mar. 31, 2008 (63-day delay "well within the 'reasonable' delay of thirty to sixty days in Evans").

Moreover, even when the delay "significantly" exceeds sixty days, some courts have found the delay reasonable when the subsequent petition is substantially rewritten. E.g., Osumi v. Giurbino, 445 F.Supp 2d 1152, 1158-1159 (C.D.Cal. 2006)(3 month delay not unreasonable given lengthy appellate briefs and petitioner's substantial re-writing of habeas petition following denial by superior court); Stowers v. Evans, 2006 WL 829140 (E.D.Cal. 2006)(87 day delay not unreasonable because second petition was substantially re-written); Warburton v. Walker, 548 F.Supp.2d 835, 840 (C.D. Cal. 2008)(69 day delay reasonable because petitioner amended petition before filing in Court

of Appeal).

Here, the delay between the denial of the second action on May 1, 2009 and the filing of the third action on August 14, 2009 was a period of 105 days, a period well outside the range of what district courts, the Ninth Circuit, and the United States Supreme Court have considered reasonable for California inmates. Evans, 546 U.S. at 198. Thus, Petitioner is not entitled to interval tolling for that period of time. Adding the 105 days that ran during this interval to the twelve days already expired, means that, when Petitioner filed his third action on August 14, 2009, 117 days of the one-year period had expired, leaving Petitioner with only 248 days remaining.

Respondent concedes that Petitioner is entitled to tolling for the pendency of the third action; however, Respondent argues that Petitioner is not entitled to interval tolling for the period between the denial of the third action on August 21, 2009, and the filing of the fourth action on May 10, 2010, a period of 262 days, because of the excessive delay. For the same reasons set forth above, the Court agrees that this 262-day period is well beyond the range of reasonable delays that federal courts have countenanced between state court filings. Since Petitioner had only 248 days remaining of his one-year period when the third action was denied on August 21, 2009, and he waited for 262 days to file his next action, the one-year period expired during that interim. Specifically, the one-year period would have expired on April 26, 2010, well before Petitioner filed his fourth action.

Finally, Petitioner is not entitled to statutory tolling for the fourth, fifth, sixth, and seventh state actions because they were all filed after the one-year period expired on April 26, 2010. A petitioner is not entitled to tolling where the limitations period has already run prior to filing a state habeas petition. Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period). Here, as mentioned, the limitations period expired on April 26, 2010, approximately two weeks *before* Petitioner filed fourth state action on May 10, 2010. Accordingly, he cannot avail himself of the statutory tolling provisions of the AEDPA for those four

subsequent state actions.

Since the one-year period expired on April 26, 2010, and Petitioner did not file the instant petition until June 3, 2011, over thirteen months after the one-year period expired, the petition is untimely unless Petitioner is entitled to equitable tolling.

D. Equitable Tolling

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. See Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2561 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997). The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 130 S.Ct. at 2652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

In Petitioner's opposition to the motion to dismiss, Petitioner makes a variety of claims of entitlement to equitable tolling, e.g., lack of access to transcripts, deficiencies in the prison law library, lack of access to a "jailhouse lawyer," as well as Petitioner's contention that he acted at all times with diligence. The Court will address each claim individually.

As to Petitioner's claim that he did not have access to a jailhouse lawyer until January 2011 and that he had only limited access to the prison law library, these are not "extraordinary circumstances" within the meaning of AEDPA's equitable tolling doctrine. A petitioner's claims of ignorance of the law, lack of education, or illiteracy are not grounds for equitable tolling. Raspberry

v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); see, e.g., Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999); Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir.1991).

Similarly, lack of access to transcripts and prison library closures do not constitute extraordinary circumstances warranting equitable tolling in this case. See United States v. Van Poyck, 980 F.Supp. 1108, 1111 (C.D.Cal.1997) (inability to secure copies of transcripts from court reporters and lockdowns at prison lasting several days and allegedly eliminating access to law library were not extraordinary circumstances and did not equitably toll one-year statute of limitations); Atkins v. Harris, 1999 WL 13719, *2 (N.D.Cal. Jan.7, 1999) ("lockdowns, restricted library access and transfers do not constitute extraordinary circumstances sufficient to equitably toll the [AEDPA] statute of limitations. Prisoners familiar with the routine restrictions of prison life must take such matters into account when calculating when to file a federal [habeas] petition.... Petitioner's alleged lack of legal sophistication also does not excuse the delay."); Giraldes v. Ramirez-Palmer, 1998 WL 775085, *2 (N. D.Cal.1998) (holding that prison lockdowns do not constitute extraordinary circumstances warranting equitable tolling).

Even were that not the case, Petitioner has failed to establish, by competent evidence, the existence of any of these obstacles to a timely filing. Petitioner has not demonstrated that his possession of transcripts was a prerequisite to filing his federal petition. Indeed, he was able to file numerous state actions without them. Nor has he proven a lack of access to the prison law library that would have precluded him from timely filing the instant petition. Petitioner's sole evidence is three requests for law library use. As Respondent correctly points out, the first occurred prior to the start of the one-year period, and is thus irrelevant. The second occurred one day before Petitioner filed his first state action, and thus, fails to establish any pressing need to visit the law library. The last request occurred during the pendency of his first action, for which Petitioner received statutory tolling. In sum, the requests do not establish that Petitioner was deprived of law library access, much less that such a deprivation, even if proven, was the "but for" cause of his late filing of the instant petition. Finally, Petitioner acknowledges that his jailhouse lawyer was not engaged to assist him

until six months after the one-year period had expired. Certainly, the AEDPA does not contemplate ongoing equitable tolling unless and until a petitioner has the good fortune to enlist the services of a jailhouse lawyer.

Here, Petitioner's indigent status, his limited legal knowledge, his truncated access to a prison law library, and the unavailability of a jailhouse lawyer, are circumstances that are, unfortunately, routine in California prisons. As such, Petitioner is no different than the majority of incarcerated prisoners attempting to file petitions for writ of habeas corpus. Thus, such circumstances are, by definition, *not* extraordinary and do not justify equitable tolling. If limited resources and legal knowledge were an excuse for not complying with the limitations period, Congress would have never enacted the AEDPA since most incarcerated prisoners have these same problems. Thus, the limitations period will not be equitably tolled on those grounds.

Moreover, the record does not support Petitioner's claim of diligence. Under the AEDPA, equitable tolling applies only where prisoner has diligently pursued claims, but has in some "extraordinary way" been prevented from asserting his rights. Thus, the Court must consider Petitioner's diligence in pursuing his claims. Petitioner argues that because the state courts addressed the merits of his filings, those courts implicitly found that he was acting diligently. Petitioner provides no legal support for such a claim, nor is the Court aware of any federal case law to support such a contention. To the contrary, in Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010), the Ninth Circuit noted that "[w]e cannot infer from a decision on the merits...that the California court concluded that the petition was timely." Obviously, timeliness goes directly to a petitioner's diligence; hence, the state court's decision to address the merits of a petition does not reflect any view by the state court as to a petitioner's diligence. See Carey v. Saffold, 536 U.S. 214, 226, 122 S.Ct. 2134 (2002). Nothing in the record suggests that Petitioner was otherwise prevented from diligently pursuing his state remedies. Since, as discussed, Petitioner delayed repeatedly in pursuing his state court remedies, he has, by definition, not been diligent. A petitioner who fails to act diligently cannot invoke equitable principles to excuse his lack of diligence. See Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984); see, also, Miles, 187 F.3d at 1107.

The burden of demonstrating that the AEDPA's one-year limitation period was sufficiently

tolled, whether statutorily or equitable, rests with the petitioner. See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005); Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). For the reasons discussed above, the Court finds and concludes that Petitioner has not met his burden with respect to the tolling issue. Accordingly, the petition is late and must therefore be dismissed.

Moreover, the Court declines to issue a certificate of appealability. Moreover, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial

showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the Court DECLINES to issue a certificate of appealability.

**ORDER**

For the foregoing reasons, the Court HEREBY ORDERS:

1. Respondent's motion to dismiss (Doc. 12), is GRANTED;
2. The petition for writ of habeas corpus (Doc. 1), is DISMISSED as untimely;
3. The Clerk of the Court is DIRECTED to enter judgment and close the file; and,
4. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **February 2, 2012**

**/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE